C. S. BOICE, Appellee, v. NORA COFFEEN, Executrix of Estate
 of H. L. Coffeen, Deceased; JOHN D. MULLANEY, Appel-
 lant; JAMES H. HENSEN, Appellee, et al.

**Mortgages:** CONVEYANCE OF PROPERTY: LIABILITY OF GRANTOR AND
1 GRANTEE. As between the grantor and grantee of property sub-
ject to a mortgage, which the grantee assumed and agreed to
pay, the grantee became the principal debtor and the liability of
the grantor secondary, while the liability of the property remains
the same.

**Same.** Where property was conveyed subject to mortgage, which was
2 assumed by the prior grantees but finally conveyed with full cov-
enants of warranty, the rights of the original grantees to protection
against primary liability for the mortgage debt were not affected
by the latter conveyance with full covenants. And where a still later
grantee acquired title by a special warranty deed, his rights, as
against the mortgagee and a prior grantee who had assumed the
mortgage, could be no greater than those of his grantor; and while
he might be entitled to equitable relief against his grantor only,
it would be without prejudice to pre-existing equities in favor of
the mortgagee and a grantee who had assumed the mortgage.

**Same:** APPEAL: RIGHT TO OBJECT. Where a subsequent grantee was
3 given judgment on a warranty against a prior grantor who had as-
sumed a mortgage on the premises, but conveyed the property with
full covenants of warranty, and the prior grantor had appealed,
thus threatening the rights of the subsequent grantee under the
decree, the plaintiff mortgagee could not object to an appeal by
such subsequent grantee, that he might have the merits of his
cross-petition tried anew.

**Evidence:** BEST AND SECONDARY: AVAILABILITY. In a suit to fore-
4 close a mortgage against subsequent grantees who had assumed
and agreed to pay the mortgage, the testimony of one defendant,
respecting his conveyance of the property, that he conducted the
transaction with his grantee personally, that he had no other trans-
action with him and executed but one deed, was sufficient to show
that the deed was in the possession of his grantee, and to permit
the introduction of the record in place of the original instrument;
and even though introduced in support of the cross-petition of one

of defendants, having been properly received, it was in evidence for all purposes and was available to the plaintiff.

**Conveyances:** COVENANTS AGAINST INCUMBRANCE: BREACH: MEASURE OF DAMAGES. As a general rule recovery upon a covenant of warranty cannot exceed the consideration received by the warrantor; and it is also a general rule that where a covenant against incumbrances is breached and the warrantee is compelled to pay the same to protect his title, the amount so paid is presumptively the amount of his damage: So that a grantee taking the title with full covenants is entitled, in a suit to foreclose the mortgage, to a judgment against his warrantor for the amount necessary to discharge the same, in the absence of any claim that the amount of the mortgage exceeded the consideration received by his covenantor.

**Mortgages:** COLLATERAL SECURITY: SURRENDER: EFFECT. Where the grantee of the mortgagor assumed the mortgage, and after giving collateral security for the debt transferred the property to another who also assumed the mortgage, the fact that the mortgagee returned the collateral security to the original grantee was not a matter of which the subsequent grantees could complain; as it did not affect their liability or that of the property as security for the debt.

**Same:** TRANSFER OF MORTGAGE: COLLUSION: EXTINGUISHMENT OF DEBT. Where a grantee of land, who assumed an existing mortgage, conveyed to another who also assumed the mortgage, and thereafter conveyances were made with full covenants of warranty, the fact that the original grantee may have collusively induced plaintiff to purchase the mortgage note for his protection did not prejudice the rights of a subsequent grantee under full covenants of warranty; and he was not therefore entitled to claim that the transaction constituted payment and discharge of the debt.

**Same:** ENDORSEMENT WITHOUT RECOURSE. The fact that the assignment under the foregoing circumstances was without recourse did not affect the right of the assignee to maintain an action against the grantee who last assumed the mortgage, as the effect of the assignment without recourse was simply to protect the indorser.

**Same:** COLLATERAL SECURITY: SURRENDER: EFFECT. Collateral security for a mortgage debt, deposited by a grantee of the premises who assumed the mortgage, becomes secondary to the liability of a subsequent grantee who also assumed the debt; so that its surrender by the mortgagee was not prejudicial to the subsequent grantee.

**Conveyances:** COVENANTS AGAINST INCUMBRANCES: BREACH: DAMAGES. The rule that a warrantee against incumbrances who has not discharged the incumbrance can only recover nominal damages from his warrantor, while applicable to law actions is not controlling in equity; as a court of equity has power to award substantial damages in advance of actual payment and at the same time provide against double liability of the warrantor by a proper provision in the decree. In the instant case the decree failed to provide against double liability.

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

WEDNESDAY, DECEMBER 11, 1912.

SUIT in equity to foreclose a mortgage on real estate. The original mortgagor was one Steele. Steele conveyed the real estate to Coffeen, who assumed the mortgage. Coffeen conveyed to Mullaney, who also assumed the mortgage. Mullaney conveyed with full covenants of warranty to one Loomis. Loomis conveyed by special warranty deed "by, through, or under" him to Jensen, who is the present owner of the property. Loomis and Steele are not parties. Both Coffeen and Jensen filed separate cross-bills. The cross-bill of the defendant Coffeen was directed against his codefendant Mullaney; that of the defendant Jensen was directed against the plaintiff and against his codefendant Mullaney. There was a decree for the plaintiff, foreclosing the mortgage and charging Mullaney to be personally liable. The decree also awarded relief to Coffeen and Jensen to the extent of holding the liability of Mullaney to be primary as to them. Mullaney appealed. Thereupon Jensen also appealed.—*Modified* and *Affirmed.*

*Frank Sayre,* for appellant *Mullaney.*

*E. W. Cutting* and *E. A. Johnson,* for appellant *Jensen,*

*C. A. Boice* and *E. R. Acres,* for appellee.

*N. Willett,* for defendant *Coffeen.*

EVANS, J.—The amount of the mortgage in question was originally $1,000. Its principal was reduced by payment to $880. The mortgagee was the Winneshiek County Bank. The plaintiff acquired the note and mortgage by assignment and indorsement "without recourse." The validity of this assignment is assailed by defendant Jensen. We pass that question to a later stage of the discussion; and we will first consider the case as though the plaintiff were the original payee of the note and mortgage. In his cross-bill Coffeen asked that his liability be deemed secondary to that of Mullaney and to that of the mortgaged property. The defendant Jensen asked that the liability of the mortgaged property be deemed secondary to the personal liability both of Mullaney and Coffeen. He also asked relief, as already suggested, on the theory that the plaintiff was not a party in interest, and that the mortgage should be deemed paid.

It will be noticed that all of the defendants appear in the chain of title from Steele to Jensen. Coffeen, as grantee of Steele, assumed to pay the mortgage. Instead of paying it, he conveyed to Mullaney, and Mullaney assumed to pay the mortgage. Loomis, as grantee of Mullaney, did not assume the mortgage. Neither did Jensen as grantee of Loomis. In its essential elements the case would be very simple, were it not that the parties to the appeal have filed seven abstracts and amendments and five briefs.

I. As between Steele, the mortgagor, and Coffeen, his grantee, who assumed the mortgage, Coffeen became the principal debtor; and the liability of Steele to pay the debt became secondary. *Malanaphey v. Manufacturing Co.*, 125 Iowa, 719, and cases there cited. The liability of the mortgaged property remained the same in the hands of said grantee

1. MORTGAGES: conveyance of property: liability of grantor and grantee.

as it did in the hands of the first mortgagor. In an equitable sense Coffeen became the mortgagor of his newly acquired property. The existence of the mortgage operated to the protection of Steele on his secondary liability. Upon the con-

veyance of the property by Coffeen to Mullaney and the assumption of the mortgage by Mullaney, then, as between Coffeen and Mullaney, the latter became the principal debtor, and the liability of Coffeen became secondary.

The liability of the mortgaged property was not affected by either conveyance. By the conveyance to Mullaney and his assumption of the mortgage, Mullaney stepped into the shoes of Coffeen. The existence of the mortgage then operated to protect Coffeen upon his secondary liability in like manner as it operated to protect Steele upon his. If this foreclosure had been brought while the mortgaged property remained in Mullaney, there could be no question but that the payee of the note and mortgage could have taken personal judgment against Mullaney, and could have taken foreclosure and special execution against the property. It would be clear, also, that Coffeen, as between himself and Mullaney, would have been entitled to protection as against primary liability. This right was not lost by Mullaney's subsequent conveyance. Jensen holds his title under Mullaney. As against the mortgagee and Coffeen, his rights can rise no higher than Mullaney's. We find him entitled to equitable relief, but only as against Mullaney, his warrantor. Such equitable relief must be awarded to him, but without prejudice to the pre-existing equities of the mortgagee and Coffeen.

2. SAME.

These general propositions will suffice as a basis for further discussion of the details of the case as presented by the appeals. The decree entered below awarded the plaintiff a foreclosure of the mortgage and a special execution against the property and a general execution against Mullaney. The decree also awarded judgment in favor of Jensen, with general execution against Mullaney, for the full amount of the incumbrance upon his property. It is made to appear that after the decree was entered the plaintiff sold the mortgaged property under special execution and bid $800

therefor and took a general execution against Mullaney for the balance of the debt, amounting to over $300. The defendant Jensen also obtained a general execution under the decree for the full amount of the incumbrance, viz., $1,091, and levied the same upon the property of Mullaney. Thereupon Mullaney appealed to this court and filed supersedeas bond. Thereupon Jensen appealed also. The plaintiff has moved to dismiss Jensen's appeal, on the ground that he waived his right to appeal by issuing execution.

We may as well say here that we do not think that plaintiff is in a position to raise this question. The defendant Jensen may have been satisfied to abide the decree as entered 3. SAME: appeal: and to proceed accordingly. But when Mulright to object. laney appealed he was threatened with the loss of the only relief which the decree gave him. That he should have determined then to appeal also is not inconsistent with his previous attitude. In the exercise of fair caution he may well have deemed it necessary, after the taking of Mullaney's appeal, that he should appeal, in order that he might obtain a trial *de novo* here upon the merits of his whole case as made by his cross-petition. He could properly assume the possibility that this court might find that he was not entitled to the relief actually granted in the lower court, and yet was entitled to other relief which had been refused. The question here raised, however, is rendered of no consequence because of the conclusions we reach upon the merits of the case.

We will now proceed to consider more in detail the questions presented by the appeals.

II. We turn first to the appeal of Mullaney. This presents two branches: (1) An appeal from the decree as entered in favor of the plaintiff; (2) an appeal from the decree as entered in favor of Jensen.

We will give our first attention to the first branch. The plaintiff offered in evidence a certified copy of the record of

the deed from Coffeen to Mullaney. This was objected to by

4. EVIDENCE: best and secondary: availability.

Mullaney, on the ground that the evidence was secondary, and that the plaintiff had not sufficiently accounted for the original, under the provisions of section 4630 of the Code. The argument is that the plaintiff should have first testified that he did not have possession or control of the original, as a foundation for the offer of the record in lieu of the original. The trial being had on the equity side, the trial court made no rulings on the admission of evidence. Later Coffeen was examined as a witness in the case. He testified to the circumstances of the execution of the deed in question to Mullaney. The transaction was had with Mullaney personally. Coffeen also testified that it was the only transaction of the kind that he had had with him, and that he executed only one deed. Coffeen thereupon offered in evidence the same certified copy of the record as had been offered by the plaintiff. This testimony was offered in support of Coffeen's cross-bill.

It is quite manifest that if the plaintiff failed in a showing of foundation there was sufficient foundation in the testimony of Coffeen for the introduction of the same certified copy. The original instrument was thereby traced into the hands of Mullaney himself. The original instrument was not one to which the plaintiff, or those under whom he claimed, were parties. On the face of the instrument Mullaney, and no one else, was entitled to possession of it. It is at least doubtful whether such a showing was not a sufficient foundation for the introduction of the record without the testimony of Coffeen. See *Bixby v. Carskaddon,* 55 Iowa, 537. Be that as it may, the certified record was properly introduced under the testimony of Coffeen.

It is argued for appellant Mullaney at this point that the defects of plaintiff's case could not be supplied by the testimony of Coffeen on his cross-bill. But if the evidence was properly in the record on behalf of Coffeen it could not be eliminated, even though the plaintiff had failed to introduce

it at all. Coffeen was entitled to its consideration, and was entitled to equitable relief because thereof. The right of plaintiff at this point was merely incidental to that of Coffeen, and was consonant with it. The evidence could not be *in* for Coffeen and *out* for the plaintiff. The relief sought by Coffeen was that Mullaney should be held primarily liable for the debt to plaintiff. We find no merit, therefore, in this branch of the appeal.

III. In the second branch of Mullaney's appeal, he complains of the measure of damages assumed in behalf of Jensen. It will be noted from what has already been said

5. CONVEYANCES: covenants against incumbrance: breach: measure of damages.

that Jensen took title under special warranty deed from Loomis. Loomis took title under warranty deed from Mullaney, containing full covenants, including a covenant against incumbrances. The cross-petition of Jensen asked to recover from Mullaney upon his covenant against incumbrances, in case the court should find the mortgage to be a subsisting lien. The trial court allowed the recovery, and fixed the amount thereof at the amount of the mortgage incumbrance. It is urged for Mullaney that this was an erroneous measure of damage, and that the recovery should not have exceeded the amount of consideration received by Mullaney. No evidence was offered on that question by either party. It is therefore urged that only nominal damages could be allowed.

It is the general rule in this state that where there is a failure of title recovery upon a covenant of warranty cannot exceed the consideration received by the warrantor. *Mischke v. Baughn,* 52 Iowa, 528; *Royer v. Foster,* 62 Iowa, 321.

It is also the general rule that where a covenant against incumbrances is breached, and the warrantee is compelled to pay an incumbrance in order to protect his title, the amount so paid is presumptively the measure of damages in such a case. *Newburn v. Lucas,* 126 Iowa, 88; *Knadler v. Sharp,* 36 Iowa, 234.

Whether in such a case the warrantor may show that the

amount claimed exceeds the amount of consideration received by him, we need not determine. The record herein contains no evidence or pleading to that effect. In the case before us Mullaney had assumed to pay the particular incumbrance. Later, by his conveyance to Loomis, he covenanted that he had paid it. All that we hold now is that in such a case as here made, in the absence of any claim that the amount of the incumbrance exceeded the amount of the consideration received, the trial court was justified in adopting the amount necessary to be paid in discharge of the incumbrance as the presumptive measure of damage.

Other objection is urged which goes to the form of the decree. We will consider this in a later paragraph and in another connection.

IV. We turn now to the appeal of Jensen. It is the theory of Jensen that when Coffeen became primarily liable for the debt, Steele *and the mortgaged property* became sec-

6. Mortgages: collateral security: surrender: effect.

ondarily liable. This assumption runs through the entire argument. The further assumption runs through the argument that Coffeen continued at all times primarily liable. The argument is not sound at this point, as we have indicated by the general propositions stated at the outset of this opinion. The fact that Coffeen became primarily liable under his conveyance from Steele, and that Steele became thereby secondarily liable only, did not relieve the mortgaged property from its liability to any extent. Steele was not interested to relieve the mortgaged property from its liability. It was to his interest that the liability should remain for his protection. The same argument will apply in a consideration of the relative rights of Coffeen and Mullaney under the conveyance from the former to the latter.

It is made to appear that when Coffeen became the purchaser of the property and assumed the mortgage the payee bank recognized him as a debtor. They received interest from him, and additional security. It is claimed for Jensen

that the payee afterwards released to Coffeen this security, and that thereby all sureties were released, and that the mortgaged property was thereby released as being only secondarily liable and in the nature of a surety. This argument is not well taken. No one but Steele stood in the relation of surety to Coffeen. As between Coffeen and Mullaney, Coffeen was the surety. If he put up security and received it back again, surely Mullaney was in no position to complain. And this is so whether the security was released before or after Mullaney acquired the property. The liability of the mortgaged property was not in the nature of suretyship. It was as much bound to the payment of the debt in the hands of Mullaney as in the hands of Coffeen or Steele. If Mullaney could not complain of the reliquishment of securities to Coffeen, we see no door open to Jensen to complain, because he holds under Mullaney.

V. The plaintiff, Boice, is the assignee and indorsee of the original payee of the note and mortgage. It is urged by Jensen that he is not a holder in due course, and that his

7. SAME: transfer of mortgage: collusion: extinguishment of debt.

purchase of the note and mortgage was colorable only, and that it was invalid and ineffective to confer any title upon him. It is urged that the plaintiff, in obtaining such assignment, was acting in the interest of Coffeen, and that his pretended purchase was in fact a payment of the debt by Coffeen, and that by such payment the liability of all parties were discharged in fact, and that the plaintiff took a formal assignment for the purpose of defrauding the other defendants in the case.

It is practicaly conceded that plaintiff's alleged purchase of the note and mortgage was made for the protection of Coffeen. The payee so understood it and assented to it. Coffeen so understood it and signed an accommodation note to the plaintiff, which the plaintiff indorsed and used in the purchase of the note and mortgage in question. If this purchase operated as a fraud upon the other defendants; if it

deprived them, or either of them, of any right which they would otherwise have had, then they are entitled to relief against such purchase.

Granting that the purchase was collusive in the sense that Coffeen and the payee and the plaintiff all agreed to it in advance, and for the purpose of enabling Coffeen to be protected as a debtor who was only secondarily liable, it yet remained for Jensen to show wherein such collusion operated as a fraud upon him. No right of his was violated. His liability was in no manner enlarged by the transfer of the cause of action. The original payee could lawfully have proceeded in precisely the same manner in which the plaintiff proceeded. Coffeen could have obtained the same equitable relief, as against the original payee, which he has obtained in this suit. Of course, if he had actually paid the debt without protecting his equities, he might have put himself at a disadvantage, and such disadvantage might have operated to the benefit of the other defendants. But he vigilantly chose not to pay the debt without guarding his equities. That he should seek to have the papers transferred to a friendly holder was not in itself a fraud upon any one. He was entitled to the relief awarded to him as against any holder. The alleged scheme, therefore, of which Jensen complains renders it plain that the parties thereto intended a *transfer* of the paper, and not a *satisfaction* of it. As between them, therefore, it was not satisfied. As against Jensen, he had no right to demand its satisfaction in such manner. He is therefore in no position to deny the title of the plaintiff, or to assail the same as fraudulent.

VI.  As already indicated, the form of the transfer of the paper to the plaintiff was that the note was indorsed to him "without recourse," and a further formal written assignment of both note and mortgage was duly executed, acknowledged, and recorded.

8.  SAME: indorsement without recourse.

It is urged by Jensen that such assignment carried to the plaintiff nothing but the note and mortgage, and that it

carried to plaintiff no right to sue Mullaney on his under-taking. Jensen concedes the general rule that the transfer of such paper as is here involved carries with it presumptive-ly all securities held therefor by the assignor. He urges, however, that such rule is not applicable in this case, because the note was indorsed "without recourse." Mullaney himself set up no such defense. It would seem, on the face of it, that no interest of Jensen could be subserved by sustaining such a proposition. The theory of his argument, however, is that, if the plaintiff did not acquire the right to recover from Mullaney, then the transfer to the plaintiff of the note and mortgage must have operated to release Mullaney as principal debtor, and that such release would further operate to release all those who were secondarily liable.

Neither the premise nor the argument can be sustained. That the indorsement to plaintiff should be "without re-course" served only to protect the indorser against liability for the debt. There is nothing contrary to be found in *Watson v. Chesire,* 18 Iowa, 206, or *Leach v. Hill,* 106 Iowa, 171, which are relied upon by Jensen in support of his major premise at this point. The assumption of Mullaney was not an independent contract or cause of action in the sense urged. It was incidental to the particular mortgage debt, and was measured by it. It operated, of necessity, to the benefit of the holder of the mortgage, whoever it might be. The right to sue thereon followed the note and mortgage as a part of the security. And, even though we should hold otherwise as to the liability of Mullaney, it would not affect the validity of the mortgage or the liability of the mortgaged property in the hands of Jensen.

It is also urged that Coffeen put up some collateral se-curity which was released by the original payee at the time of the transfer to the plaintiff. The evidence shows that the payee bank did hold some collateral of which no account was taken at the time of the trans-fer to the plaintiff. The collateral was still in the hands of the bank at the time of the trial. There was

9. SAME: collat-eral security: surrender: ef-fect.

never any actual release or surrender to Coffeen. It seems to have been forgotten or overlooked at the time of the transfer. Necessarily the payee bank has no further interest in it. Its cashier, testifying as a witness, expressed his willingness to surrender it to Coffeen. Assuming, without holding, that these facts constituted a surrender of security, they furnish no basis of complaint to Jensen.

If plaintiff had successfully asserted a claim to such securities in this suit, it could not operate to the advantage of Jensen or Mullaney or the mortgaged property. The liability of such securities would be co-ordinate with that of Coffeen only, and would therefore be secondary to the liability of Mullaney and of the mortgaged property.

VII. Lastly, we turn again to Mullaney's appeal. It is clamed for Mullaney that, inasmuch as Jensen had not discharged his incumbrance, he was entitled only to nominal damages, and that he was not entitled to recover substantial damages, based upon the amount of incumbrance, or the amount necessary to be paid in discharge thereof, until

10. CONVEYANCES: covenants against incumbrances: breach: damages.

after he had paid the same. As a legal proposition, this statement of the rule is usually applied in an action at law. In a suit in equity, however, this rule is not controlling. *Duroe v. Stephens,* 101 Iowa, 358. This is so because a court of equity has larger powers in adapting the remedy to the particular conditions of the case. Provision may therefore be properly made in a decree, for the awarding of damages, even in advance of actual payment, subject always to such proper conditions as shall protect the warrantor against double liability, or any greater liability than the amount which the warrantee must necessarily pay in discharge of the incumbrance.

Complaint is made of the form of the decree, in that it holds Mullaney doubly liable for the amount of the mortgage, first to plaintiff, and, second, to Jensen. The decree is not free from ambiguity. It awarded to plaintiff (1) a special execution against the mortgaged property, (2) a general

execution against Mullaney, and (3) a general execution against Coffeen. It also awarded to Jensen a judgment against Mullaney for the full amount of the incumbrance. It provided, however, that all collections from Mullaney, whether by execution or performance, should operate as a credit upon the judgment in favor of Jensen. It appears from the record of proceedings subsequent to the decree, and before the taking of appeal, that the mortgaged property was sold under special execution for $800, and that a general execution was issued for the balance in favor of the plaintiff against Mullaney, and that another general execution was issued in favor of Jensen against Mullaney for the full amount of the incumbrance, $1,091, and that the same was levied upon Mullaney's property.

It is manifest that there ought to be some modification in the decree, or some control of the process issued thereunder. It is manifest that Jensen ought not to be permitted to collect from Mullaney in greater sum than the amount necessary to be paid to redeem his property from the incumbrance. If by judicial sale Jensen's property is relieved from all liability above the amount of the bid therefor, there is no reason why he should be permitted to recover more. Mullaney's liability for the balance is to the plaintiff and not to Jensen in such case.

In view of the complication which has arisen by the use of process subsequent to the decree, we do not feel warranted in undertaking to formulate a decree here, unless the parties can agree thereto. It will be ordered, however, that the decree be modified to this extent, that jurisdiction will be reserved to the district court to make such further orders, in the light of subsequent proceedings under the process of the court, as shall conform to the views herein expressed. This may be done either by a supplemental decree, or by proper order controlling the process to be issued under the decree. In all other respects the decree entered is *Affirmed*.