## In re FEENEY TOOL CO.

(District Court, D. Connecticut. June 25, 1924.)

No. 6387.

1. **Mortgages** ☞295(2)—**Redemption by junior mortgagee from foreclosure sale does not effect merger.**

Redemption by a junior mortgagee from a sale under a senior mortgage, for the protection of his own lien, does not effect a merger of title which operates to extinguish the debt to him, in the absence of proof of an intention that it should have such effect.

2. **Bankruptcy** ☞262(3)—**Property should be ordered sold free from liens only where there is prospect of benefit to the estate.**

A petition by a trustee for leave to sell property free from liens should not be granted unless there is a fair prospect that the sale will be beneficial to the estate.

In Bankruptcy. In the matter of Feeney Tool Company, bankrupt. On review of order of referee directing sale of personal property free from liens. Reversed, and petition for leave to sell dismissed.

Spafford & Mallette, of Bridgeport, Conn., for petitioner.

Shapiro, Shapiro, Goldstein & Brody, of Bridgeport, Conn., for trustee.

THOMAS, District Judge. This matter is here on the petition of the American Bank & Trust Company, for a review of the order of the referee directing the sale of certain chattels free and clear from liens with provision for the lien of the bank attaching to the proceeds.

On the hearings before the referee no minutes were taken and the facts have been found from the comparison of statements of facts contained in the briefs filed with the referee on behalf of the trustee, and on behalf of the American Bank & Trust Company, respectively.

The trustee of the bankrupt filed his petition with the referee for authority to sell certain chattels consisting of the contents of a two-room machine shop on the premises formerly occupied by the bankrupt in Bridgeport. The contents are described as certain machines, tools, instruments, and safes, with a general clause covering all and sundry

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the small tools, equipment, and appurtenances thereof. The petition was opposed by the American Bank & Trust Company of Bridgeport, which held a chattel mortgage on all the chattels described in the petition. This chattel mortgage was dated and filed for record April 6, 1922, and it was made to secure the payment of pre-existing indebtedness in the sum of $13,000 then due from the bankrupt to the American Bank & Trust Company. The indebtedness arose as to $10,000 thereof on August 4, 1920, when the bank loaned to the bankrupt $10,000, for which the bankrupt made and delivered to the bank its promissory note for $10,000, payable on demand—payment of the note having been guaranteed by two indorsers, and as security for the payment of this note the bankrupt executed and delivered to the bank a mortgage deed covering two certain parcels of real estate, which mortgage deed was duly recorded. At that time the real estate thus mortgaged by the bankrupt to the bank was subject to two prior mortgages appearing of record— one for $11,000, held by the Mechanics' & Farmers' Savings Bank, and the other for $5,000, held by one Karl Auth. On December 10, 1921, the bankrupt borrowed $3,000 from the American Bank & Trust Company, and at that time executed and delivered to the bank its promissory note for $3,000, payable three months after its date, which note was indorsed by four individual indorsers. None of the indebtedness of $13,000 has been paid to the bank.

On March 8, 1923, an involuntary petition in bankruptcy was filed against the bankrupt and adjudication followed on May 17, 1923. In May, 1922, Karl Auth, the holder of the second mortgage on the said real estate began, in the superior court, foreclosure against the bankrupt, the American Bank & Trust Company, and another corporation. On June 2, 1922, judgment of foreclosure was entered in said action containing the usual provisions for redemption by the bankrupt, or, upon its default, by the second party defendant named in the said foreclosure action, and, upon the default of both said parties defendant, by the American Bank & Trust Company.

The bankrupt and the other party defendant to the foreclosure action failed to redeem within the time prescribed therefor by the decree of foreclosure, and the American Bank & Trust Company thereupon on March 7, 1923, the day fixed in the said judgment on which it was required to redeem the said real property, paid the amount of the judgment specified in the judgment of foreclosure, and on March 8, 1923, it did, by its attorney, file for record a certificate pursuant to the statute (section 5203, Gen. St. Conn. 1918), stating, inter alia, that it had paid to the plaintiff in the said foreclosure action the amount due him pursuant to the judgment therein, and that title to said real property had become absolute in the American Bank & Trust Company on March 7, 1923, subject to unpaid preceding incumbrances, if any. In December, 1922, the American Bank & Trust Company brought suit on the note for $3,000 given to it, and indorsed as above mentioned, and on April 16, 1923, after it had redeemed the said real property in the foreclosure action, the American Bank & Trust Company brought an action in the state court to foreclose the chattel mortgage.

[1] On August 3, 1923, the American Bank & Trust Company filed with the referee in bankruptcy a petition for the personal property

described in the chattel mortgage, which petition it later withdrew. The value of the chattels described in the petition of the trustee, and which the trustee seeks to have sold free from liens, is about $6,475. The American Bank & Trust Company claims a lien on these chattels in the sum of $13,000 by virtue of the chattel mortgage. The trustee, on the hearings before the referee, contended that the claim of the American Bank & Trust Company, if any, had been reduced to $3,000. This position was based on the contention that the American Bank & Trust Company, by redeeming the real property from the foreclosure, had become the absolute owner thereof, and that thereupon its interest in the real property as third mortgagee had merged with its general ownership. On this assumption it was argued on the trustee's behalf that this merger had resulted in the cancellation of the indebtedness in the sum of $10,000, which was secured by the said third mortgage on the real property. The learned referee adopted this view of the situation and accordingly granted the petition for the sale of the chattels free from liens, with the provision, however, that the lien of the American Bank & Trust Company should attach to the proceeds of the sale.

The contention that there had been a merger in the interest of the American Bank & Trust Company as third mortgagee of the real property, with its general interest as owner of the real property, acquired through the redemption in the foreclosure suit, and that the merger extinguished the indebtedness, is erroneous. Under the circumstances the bank's interest as mortgagee did not merge with its interest as owner of the equity of redemption in the real property. It is, of course, correct to say that there was a union of estates or interests in this real property in the bank, but it is not the mere fact of union which results in a merger. The old rule under which the merger resulting from the acquisition of the equity of redemption by a mortgagee worked the satisfaction of mortgage indebtedness has been relaxed in many of the situations, where it formerly applied. By statutory modification of this rule a plaintiff in foreclosure may have his remedy over for any deficiency in the mortgage debt which may remain after the foreclosure, provided the party from whom the mortgagee seeks to collect such deficiency was made a party to the foreclosure action. These provisions, however, do not apply to the situation of the American Bank & Trust Company herein, for the reason that it did not bring an action to foreclose its mortgage, but merely redeemed the real property from the foreclosure action brought by the second mortgagee to protect its own interest in the property as the third mortgagee thereof. This is apparent from the record. No merger results when such action is taken by a mortgagee to conserve and protect its own interests in the real property involved in foreclosure. Pingrey on Mortgages, vol. 1, § 1081. In the record in this case there is no evidence of the intention of the American Bank & Trust Company, when it redeemed the real property in question, as to the effect of that action and it does not appear whether or not it had any intention that there should be a merger. Whether or not there has been a merger is a question of fact involving the intention of the party, or parties, to the transaction from which it is claimed the merger resulted. In the absence of any intention, it is presumed in

equity that the party against whom the merger is claimed to have taken place intended to pursue the course which would best protect and promote his interests, and it is never presumed that a merger resulted where that condition would be productive of injustice to the mortgagee or injurious to his interests, by depriving him of rights which he could claim and exercise by avoiding a merger. 27 Cyc. 1381, title "Mortgages"; Mallory v. Hitchcock, 29 Conn. 127; Delaware & Hudson Canal Co. v. Bonnell, Jr., et al., 46 Conn. 9; Boardman v. Larrabee, 51 Conn. 39; and Goodwin v. Keney, 47 Conn. 486.

This court sitting in bankruptcy, being a court of equity, will follow that rule in this case, and it results that there was no merger of the mortgage held by the American Bank & Trust Company in the title to the equity of redemption which it acquired through redemption in the foreclosure action by the second mortgagee, and that the mortgage indebtedness to the American Bank & Trust Company, secured by the third mortgage, was not extinguished.

Bearing on the intention of the American Bank & Trust Company with respect to the effect of the union in it of its right in the real property in question as third mortgagee, and also as owner of the equity of redemption, attention should be given to the action which it brought in the state court in April, 1923, against the bankrupt and others, for the foreclosure of the chattel mortgage. From the record it appears that this action was based, inter alia, on the promissory note for $10,000 first given by the bankrupt to the American Bank & Trust Company. This and other circumstances arising after the redemption of the property from foreclosure by the bank establish its purpose to keep the mortgage indebtedness distinct from its ownership of the equity of redemption. Acts and declarations giving color to the transactions from which it is claimed a merger results need not be contemporaneous with the act from which the union of estate arises. Goodwin v. Keney, supra.

[2] It appears from the record that the value of the chattels which it is sought to sell free from liens is $6,475. This is less than the amount apparently due on the lien of the bank, and no evidence has been given of any circumstance requiring the sale of the chattels. The only allegation in this connection is the one appearing in the petition that the sale of the assets free from liens will be beneficial to the estate. From the record it is clear that there is not a fair prospect that the sale sought by the trustee would be of any benefit whatever to the creditors of this bankrupt estate. It is well settled in this circuit that, in the absence of any circumstances appearing, a petition for leave to sell free from liens will not be granted unless there is a fair prospect that the sale will be beneficial to the estate. In Re Franklin Brewing Co., 249 Fed. 333, 161 C. C. A. 341, this rule was applied by the Circuit Court of Appeals, Second Circuit, and on page 335 (161 C. C. A. 343) Judge Hough said:

"It is good practice, and the usual procedure in this circuit, not to order such sales unless there is a fair prospect that the proceeds will at least discharge the lien. Cf. Re Fayetteville Wagon, etc., Co. (D. C.) 197 Fed. 180; Re Saxton Furnace Co. (D. C.) 136 Fed. 697; Re Pittelkow (D. C.) 92 Fed. 901; and (under an earlier act) Re Taliaferro, Fed. Cas. No. 13736."

Tested by this rule, the petition should not have been granted. The American Bank & Trust Company should, under the circumstances of this case, be left free to pursue its remedy upon the chattel mortgage in the state court.

The order of the referee under review is therefore reversed, and the petition for leave to sell the chattels therein described free from liens is dismissed, and it is so ordered.