CLARA KLIGERMAN ET AL., EXECUTORS (WILL OF
JOSEPH KLIGERMAN) *v.* THE UNION AND
NEW HAVEN TRUST COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 10—decided March 7, 1941.

*T. Holmes Bracken,* for the appellant (plaintiff).

*Lyman H. Steele,* for the appellee (defendant).

MALTBIE, C. J. The finding states the following
facts: In 1922 Joseph Kligerman made written appli-

cation to the defendant for a loan to be secured by a mortgage on certain premises owned by him in New Haven, agreeing, if the defendant made the loan, to carry fire insurance in a certain amount upon the buildings upon the property, the policies to be assigned to the defendant as collateral security. The defendant made the loan and took a mortgage on the property to secure it. Kligerman took out policies of insurance on the buildings and delivered them to the defendant. The loan was continued and renewal policies were issued from time to time and delivered to the defendant until Kligerman died, about January, 1936. After his death the plaintiffs, executors upon his estate, took out two further renewal policies and delivered them to the defendant. These policies contained a mortgagee clause making them payable to the defendant as its interest might appear. Subsequently the property was distributed to his widow as life tenant. Prior to May 26, 1938, the defendant threatened to foreclose the mortgage. In accordance with an agreement made with it Mrs. Kligerman conveyed the property to it by warranty deed which contained a provision that it assumed and agreed to pay the mortgage debt and save her harmless from liability on account of it. The defendant still holds the note made to it by Joseph Kligerman. After the conveyance to it, the defendant, without any authority from the plaintiffs, caused the policies to be changed so that it became the named insured. The policies had at the time of the conveyance a cash surrender value, and the plaintiff brought this action to recover that value from the defendant.

The finding might well have been more specific in certain respects, but we have before us the exhibits offered in court, and while they are not made a part of the finding, we have consulted them in so far as necessary to explain statements in it which are of doubtful

meaning. The policies in question contain the so-called "union" or "standard" mortgagee clause, providing, among other things, that as to the interest of the mortgagee, they would not be invalidated by any change in title or ownership of the property. The provisions of the mortgagee clause in these policies gave the defendant rights of its own amounting to an independent and distinct protection, of which it would ordinarily continue to have the advantage even though the mortgagor conveyed the property to a third person. *Savings Bank of Ansonia* v. *Schancupp*, 108 Conn. 588, 595, 144 Atl. 36; 1 Jones, Mortgages (8th Ed.) § 496. In the case of such a policy the mortgagor in effect buys protection for the interest of the mortgagee, which continues although the mortgagor conveys the equity of redemption to another, and the mortgagee, despite such a conveyance, is entitled to the benefit of the policy, at least until the mortgagor demands its return and the mortgagee has opportunity to replace it by others; otherwise the very purpose of the provision protecting the mortgagee despite a conveyance of the equity of redemption would be defeated. As in this case no demand for the return of the policies is found to have been made before the action was brought, we have no occasion to determine whether, had it been made, the plaintiffs could recover.

No claim for the payment of the mortgage debt was apparently made upon the estate of Joseph Kligerman and it is difficult to see how the defendant can now hold the estate liable for the debt; but that would not affect its right to avail itself of any security for the debt it might hold. *Markham* v. *Smith*, 119 Conn. 355, 358, 176 Atl. 880. If, upon the facts before us, the mortgage security still continued to exist, the defendant had a right to the continued benefit of the policies. It is no longer entitled to that security if the

mortgage debt has been satisfied, or if the equity of redemption acquired by the defendant has merged with the mortgage estate it held. The defendant, having assumed the payment of the debt in the deed from Mrs. Kligerman and agreed to hold her harmless from it, could not claim that it still existed as to her. That fact, however, cannot avail the plaintiffs; if a mortgagor conveys the equity of redemption to one who assumes the payment of the debt, and the grantee in turn conveys to a third person, who likewise assumes it, the right of the mortgagor to reimbursement, if compelled to pay it, exists against the second grantee; *Cacavalle* v. *Lombardi,* 106 Conn. 339, 342, 138 Atl. 155; 2 Jones, op. cit., § 932; the second grantee, as regards the rights of the mortgagor, steps into the shoes of the first. *Boice* v. *Coffeen,* 158 Iowa 705, 709, 138 N. W. 857. While the finding merely states that the land was distributed under the terms of Kligerman's will to Mrs. Kligerman as life tenant, her deed to the defendant shows that under the will the land was devised to her as life tenant, with power of sale. The principle of law above stated would not apply in such a situation, because the distribution of the land to Mrs. Kligerman would not place the primary obligation to pay the mortgage debt upon her, but, if compelled to discharge it, she would have a right to be reimbursed by the estate, even though the debt had not been presented against it; *Beard's Appeal,* 78 Conn. 481, 62 Atl. 704; *Higinbotham* v. *Manchester,* 113 Conn. 62, 66, 154 Atl. 242; and the right of the defendant to enforce the debt by means of the security would remain as far as the estate was concerned.

While the conveyance by Mrs. Kligerman to the defendant did not in terms state that it was the intention of the parties that the estates in the defendant should not merge, that was the fair import of the provision

by which the defendant assumed the debt. Where a mortgagee who acquires the equity of redemption intends that the two estates shall not merge, the law will regard them as distinct. *Goodwin* v. *Keney*, 47 Conn. 486, 494; *Belknap* v. *Dennison*, 61 Vt. 520, 17 Atl. 738; *Hubbell* v. *Blakeslee*, 71 N. Y. 63, 68; 2 Jones, op. cit., § 1088. It is true that the question whether or not the estates merged is not necessarily to be determined as of the moment when they came into the possession of the defendant; *Goodwin* v. *Keney*, supra; and that the act of the defendant in having the policies so changed that it became the named insured might indicate that when that change was made it regarded itself as owner of the property in fee; but the trial court has not found that there was an intention on its part subsequent to the conveyance that the estates should merge and we cannot find it as matter of law.

It follows that the mortgage debt had not been satisfied and that the defendant had a right to the continued benefit of the policies to protect its interest, despite the conveyance of the property to it by Mrs: Kligerman. The trial court properly decided the case in its favor.

There is no error.

In this opinion the other judges concurred.