[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a proceeding on a motion for a deficiency judgment. The defendants' objection to the motion for deficiency judgment is overruled for the reasons stated below.
On July 16, 1991, a foreclosure action was commenced by New England Savings Bank, as successor by merger to OnmniBank of Connecticut, Inc. [hereafter "NESB"], and NESB as agent for Advest Bank [hereafter "Advest"] seeking, among other things, strict foreclosure, immediate possession and a deficiency judgment against the defendants Walter and June Andruschkevich [hereafter "defendants"]. NESB was the holder of a note, signed by the defendants, in the original principal amount of $1,035,000 and secured by a mortgage on property located at 240 Oak Street, Bridgeport, Connecticut. Advest held an undivided 725/1035 interest in the note and mortgage which was superior to NESB's interest pursuant to a loan participation agreement between Advest and OnmiBank, to whose interest NESB succeeded. That agreement provided, among other things, that the latter would pursue legal action on behalf of itself and Advest in the event that the defendants defaulted on their obligations under the note. The loan participation agreement was attached as an exhibit to the complaint and incorporated therein by reference.
On December 7, 1992, a judgment of strict foreclosure originally entered on January 3, 1992 was reopened, modified and reentered by the Court (Stodolink, J.) with the first law day being set for January 5, 1993. The defendants and subsequent encumbrancers failed to redeem and on January 7, 1993, title became vested upon NESB and Advest. On January 13, 1993, NESB filed a motion for deficiency judgment on behalf of itself and Advest. On March 10, 1993, NESB and Advest terminated the loan participation agreement. Pursuant to the termination of participation agreement, NESB assigned to Advest all of its rights, title and interest in the note, mortgage, judgment and deficiency judgment and quitclaimed its interest in the underlying property to Advest. (See Exhibits D and E to Plaintiff's Memorandum). On May 14, 1993, NESB moved to substitute Advest as plaintiff and the motion was granted by the court (Lager, J.) on May 21, 1993. Furthermore, on the same date, evidence was received and a finding was made concerning the value of the property on the date title vested. CT Page 7265
The defendants claim that once title became absolute, NESB had nothing to assign to Advest and therefore Advest is barred from seeking a deficiency judgment by the doctrine of merger. This argument fails for several reasons.
The lawsuit was brought by NESB in its own right and as agent for Advest. Thus, Advest has been a party to the foreclosure action from its inception. Therefore, both Advest and NESB were foreclosing plaintiffs who could seek a deficiency judgment pursuant to Conn. Gen. Stat. 49-14(a), the statutory remedy which overcomes the common law doctrine of merger in favor of the mortgagee pursuant to its terms. See Investors Mortgage Co. v. Rodia, 31 Conn. App. 476, 483, 625 A.2d 833 (1993); see generally First Bank v. Simpson, 199 Conn. 368, 507 A.2d 997 (1986).
To the extent the doctrine of merger may be applicable, merger is prevented where "both the justice of the case and the intention of the mortgagee alike require it." Goodwin v. Keney, 47 Conn. 486,494 (1880). "The doctrine of merger is designed primarily for the benefit of one who acquires an interest in property greater than he possessed in the first instance, and will not be held to apply against his will, to his disadvantage." 9 Thompson on Real Property 4798, p. 590 (1958).
It is apparent that neither NESB nor Advest intended that the acquisition of the equity of redemption would deprive them of their statutory rights to recover the difference between the amount due on the underlying debt and the amount received upon foreclosure. This is evident by the prompt filing of the motion for deficiency judgment pursuant to 49-14 (a).
 "In the absence of any intention, it is presumed in equity that the party against whom the merger is claimed . . . intended to pursue the course which would best protect and promote his interests, and it is never presumed that a merger resulted where that condition would be productive of injustice to the mortgagee or injurious to his interest, by depriving him of rights which he could claim and exercise by avoiding merger." In re Feeney Tool Co., 300 F. 379, 381. Merger is not favored in equity unless it promotes the intention of the parties. [Citation omitted]. CT Page 7266 A merger occurs where there is no evidence of a contrary intention.
 Hurlbutt v. Hurlbutt, 6 Conn. Cir. 314, 320-21, 272 A.2d 146 (1970).
Merger of Advest's interests was not intended in this case.
Further, the defendants are not prejudiced by the fact that now Advest solely, rather than NESB and Advest jointly, seeks the deficiency judgment. The defendants knew from the inception of the foreclosure action that Advest owned an undivided 725/1035 interest in the note and mortgage by virtue of the loan participation agreement and that NESB was acting as agent for Advest. The defendants were fully able to defend themselves against all claims. See Investors Mortgage Co. v. Rodia, 31 Conn. App. at 484; F.D.I.C. v. Retirement Management Inc., 31 Conn. App. 80, 84-85,623 A.2d 517 (1993).
Finally, assuming that Advest was not a party to the foreclosure action, there was a valid assignment of NESB's rights respecting the note, mortgage, judgment and deficiency judgment to Advest. As mortgagee, NESB simultaneously pursued, in one action, a foreclosure, payment on a note, and a deficiency judgment among other things. It obtained its judgment of foreclosure, preserved its right to a deficiency judgment on the note and then entered into a valid assignment with Advest. (See Exhibit E to Plaintiff's Memorandum) "Succession by an assignee to exclusive ownership of all or part of the assignor's rights respecting the subject matter of the assignment, and a corresponding extinguishment of those rights in the assignor, is precisely the effect of a valid assignment." Bouchard v. People's Bank, 219 Conn. 465, 473,594 A.2d 1 (1991). Therefore, since the assignee stands in the shoes of the assignor with the same rights, Cf. Leonard v. Bailwitz,148 Conn. 8, 13, 166 A.2d 451 (1960), Advest may pursue NESB's statutory right to a deficiency judgment even if it were not a party to the action originally.
Accordingly, the defendants' objection to the motion for deficiency judgment is overruled. A deficiency judgment shall be entered by the clerk under the direction of the court in accordance with the value found by the court on May 21, 1993.
LINDA K. LAGER, JUDGE CT Page 7267