TAINTOR et al. v. FRANKLIN NAT. BANK OF NEW YORK.

(Circuit Court, S. D. New York. April 13, 1901.)

1. VALUE OF LEGAL SERVICES—EVIDENCE.
> The master is not bound by the opinion of other lawyers as to the value of an attorney's services for which claim is made.

2. FINDING OF MASTER.
> A master's conclusions will not be disturbed unless the court is clearly convinced of error therein.

On Motion to Confirm Master's Report and on Exceptions thereto.

Frederick J. Moses, for the receiver.

Jesse S. L'Amoreaux, for a stockholder.

Boardman, Platt & Soley, for Philip Carpenter, a claimant, and Philip Carpenter in person.

COXE, District Judge. The master was appointed to take proof of the claims against the Franklin National Bank and to fix and determine the compensation of the receiver and of his counsel. The

master, after according a full hearing to all parties, filed, on January 14, 1901, a carefully considered report in which he passes upon all the questions so referred. Philip Carpenter, a creditor, filed exceptions to the master's ruling disallowing a part of his own claim for services and he also excepted to the amount of compensation allowed to the receiver and his counsel. As stated at the argument the court is of the opinion that the master was not rigidly bound by the opinions of other members of the bar as to the value of Mr. Carpenter's services. Such opinions are competent to assist the court or jury in reaching a correct conclusion, but they are not conclusive. If they were conclusive the reference to a jury or to a master would be an idle ceremony. There are innumerable instances where uncontradicted testimony of this character has been disregarded and where, upon a conflict, the trial court has declined to follow the testimony offered by either side and its action in this regard has been approved by the appellate courts. Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028.

The principal ground of criticism of the report is that, as to 16 items of Mr. Carpenter's bill, the master has failed to pass upon each separately and has made a general finding deducting $957 from an account aggregating $2,207. As to this the master says:

"I have gone over with care the various items of charges, and find some excessive and others entirely reasonable, in my opinion. Without discussing them in detail, I may say generally, that the aggregate of the reductions which I think should be made approximate the sum of $1,000."

It would, perhaps, have avoided misunderstanding if the master had adopted the course now suggested, but it must be assumed that a lawyer of the intelligence and experience of the master acted upon logical premises in reaching his conclusions. The court is not prepared to say that he was required to enter into the details demanded, but were this otherwise it would only result in sending the matter back to the master for a detailed statement of the various items which make up the total disallowance. There is little probability that the supplemental report would change the general aspect of the situation. It is asserted that a fund of $75,000 is awaiting a decision in this matter before distribution, and it is manifest that a large number of people will be inconvenienced by further delay. It is plain that the master thought that the sum of $4,000 allowed Mr. Carpenter would fully and fairly compensate him for the services rendered. The master was appointed to ascertain and report such a sum. For the time being the master took the place of the court and did its work and the question now is not what the judge would have done had he heard the proofs originally, but has the master made an error so obvious that the court is justified in setting aside his report? In other words, if a jury had rendered a verdict for $4,000, in like circumstances, would the court be warranted in setting the verdict aside? There would be little advantage or relief in appointing a master if upon exceptions to his report the matter is to be presented de novo to the court. The rule is very clear upon this subject; the master's conclusions will not be disturbed unless the court is convinced that an error has

been committed. Trust Co. v. Cooper, 162 U. S. 529, 16 Sup. Ct. 879, 40 L. Ed. 1062; Camden v. Stuart, 144 U. S. 104, 12 Sup. Ct. 585, 36 L. Ed. 363; Meyor v. Lathrop, 73 N. Y. 315; Farrar v. Bernheim, 21 C. C. A. 26, 75 Fed. 136; Putnam v. Insurance Co. (C. C.) 4 Fed. 753.

Regarding the amounts allowed to the receiver and his counsel the court is unable to see that either was guilty of negligence in paying the amount agreed upon for rent of the banking house. This payment was made with the approval and pursuant to an order of the court and was for a claim which the landlord could have enforced had the settlement not been made. The law of McCormick v. Bank, 165 U. S. 538, 17 Sup. Ct. 433, 41 L. Ed. 817, is inapplicable, for the reason that the facts are wholly dissimilar. The contract there was held to be ultra vires because "the bank was never authorized by the comptroller of the currency to commence, and never did commence, the business of banking." Upon the whole case the court is unable to find that the master has made a mistake which would justify the setting aside of his report. The exceptions are overruled and the report is confirmed.