## In re SAXTON FURNACE CO.

### (District Court, E. D. Pennsylvania. March 27, 1905.)

### No. 1,837.

1. BANKRUPTCY—SALE OF PROPERTY DISCHARGED OF LIENS—RIGHTS OF BOND-HOLDERS.

Holders of the bonds of a bankrupt corporation, secured by a mortgage, which gives them the right to use such bonds in the purchase of the property if sold at judicial sale, should not be deprived of such right by an order authorizing the trustee to sell the property free from liens, so long as their title to the bonds is unimpeached.

2. SAME—NOTICE OF APPLICATION.

To authorize an order for the sale of a bankrupt's property free of liens, the record should show affirmatively that every creditor whose lien will be discharged has received notice of the application therefor, and a general statement by the referee that such notice has been given is insufficient.

In Bankruptcy. On certificate from referee concerning order to sell, discharged of liens.

Arthur G. Dickson and Beck & Robinson, for trustee.

Rudolph M. Schick, for objecting creditor.

J. B. McPHERSON, District Judge. I do not see how the proposed order of sale can be supported. The creditors who hold the furnace company's bonds have a right, under the mortgage, to use them in payment of the purchase money if the property shall be sold by a judicial sale, and of this right they should not be deprived if their title is un-impeachable. If the trustee disputes their right to retain the bonds, averring that they have received a preference, it would seem to be his duty to obtain a judicial decision of the question, even at the cost of delay and inconvenience.

Moreover, the record should show affirmatively that every creditor whose lien will be discharged by the sale has received notice of the trustee's application to sell. The referee's general statement that such notice "was given to each and every general creditor and lien creditor" is obviously insufficient. No doubt, this is his opinion, and it may be true; but his record must show the facts by which other persons can verify the correctness of his statement.

If the present is a favorable time for the sale of such property as furnaces and rolling mills, I regret the inevitable postponement, but the defects in the proceedings are fundamental, and can only be cured by the consent of the parties whose rights are involved. But as they must all desire to be paid, and paid speedily, I trust they may see

their way to an agreement that may advance their interests. Otherwise there seems to be no escape from the necessity to determine first of all who are the lawful holders of the bonds.

The order is set aside.