In re FAYETTEVILLE WAGON-WOOD & LUMBER CO.

(District Court, W. D. Arkansas, Ft. Smith Division. July 13, 1912.)

BANKRUPTCY (§ 262*)—SALE OF PROPERTY DISCHARGED OF LIEN.

Where the real estate and machinery of a bankrupt corporation, mortgaged to secure its bonds, will not bring enough to pay the bonds, if valid, and the ownership and validity of the bonds and mortgage are contested by the trustee in bankruptcy in a suit by the alleged owner of the bonds to foreclose, the court of bankruptcy will not order the trustee to sell the mortgaged property free of incumbrance, though the real estate and machinery will bring more, when sold together with the stock and material on hand, than when sold separately, and though the building, machinery, stock, and material are deteriorating in value, but the bond-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

holder, on establishing ownership, must be permitted to use the bonds in the purchase of the mortgaged property at a sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

In the matter of the Fayetteville Wagon-Wood & Lumber Company, bankrupt. On petition by trustee for order to sell property free of lien. Denied.

E. B. Wall, of Fayetteville. Ark., for trustee.

Read & McDonough, of Ft. Smith, Ark., for New Paddock-Hawley Company.

YOUMANS, District Judge. The petition of the trustee is as follows:

"Comes now W. W. Key, as trustee in bankruptcy for the Fayetteville Wagon-Wood & Lumber Company, a bankrupt, and files this his application for an order to sell certain assets of said bankrupt, and, in support of said application, says: That, among other assets, as shown by the inventory and reports heretofore filed, there are certain buildings, and real estate and machinery and stock, constituting the plant of the company, and located at Fayetteville, Ark.; also certain real estate and buildings located at Alpena, Ark.; and also certain real estate located in Carroll county, Ark., consisting of land originally purchased for timber purposes. That the said plant, with special reference to machinery, as well as to the stock of wagon-wood and other material now on hand, is depreciating in value; that said plant, by reason of same not being operated, is depreciating in value; that the stock of wagon-wood and other material now on hand cannot be sold, at an adequate price, to the wholesale trade, for the reason that the stock is broken, and it is impossible to fill orders, except by operating the plant and buying some additional material. That the plant, including the stock on hand, can be sold to the best advantage as a whole. That to sell the stock separately would be to sacrifice a large per cent. of its value, and that the same would be measurably true in regard to the machinery and real estate, if sold separately. That, as shown by the records. there is now pending in the District Court of the United States for the Western District of Arkansas, Ft. Smith Division, a suit to foreclose upon an alleged bonded indebtedness; said suit having been filed in said court in behalf of the New Paddock-Hawley Company, of Omaha, Neb. That to attempt to sell the said real estate, machinery, and stock, subject to the lien, or claim of lien, of said bonds, would be futile. That the only manner in which an adequate price for said real estate, machinery, and stock could be realized at any sale, whether public or private, would be to sell same as a whole, and free and clear from any and all liens or incumbrances. That the claim of the said New Paddock-Hawley Company is being contested by this trustee, and that, in all reasonable probability, the said litigation will consume months of time, with the possibility of still further delay by reason of appeal from the action of the said court. That during such period of delay the said machinery and stock will continue to depreciate in value, and the salable value of the plant, as a whole, will likewise depreciate to a greater or less extent. That, in view of the facts stated and conditions indicated, this trustee, in the interests of the general creditors, recommends that the said real estate, machinery, and stock be sold as a whole, either at public or private sale, and free and clear from all liens and incumbrances, but under such terms and conditions as will safeguard the interests of all creditors, whether general or otherwise, in the matter of said assets."

The New Paddock-Hawley Company has filed its response to the application of the trustee. It alleges that it is the owner of 64 bonds of the bankrupt, of the par value of $500 each, aggregating the sum

of $32,000; that those bonds are secured by a mortgage or deed of trust upon all the real estate and machinery owned by the bankrupt; that the appraised value of the property described in the mortgage is much less than the face of the bonds; that it has brought suit to foreclose the mortgage, or deed of trust; and that, if a sale should be made at any time prior to the rendition of a decree in said foreclosure suit, it would be deprived of its right to purchase the mortgaged property, and pay for the same with the bonds of the bankrupt.

Testimony has been introduced showing, first, that a suit in equity by the New Paddock-Hawley Company to foreclose the mortgage is now pending in the District Court of the United States for this district, in which suit the trustee is a defendant; second, that the ownership and validity of the bonds and mortgage is contested by the trustee in that suit; third, that the real estate and machinery will bring more when sold together, with the stock and material, than when sold separately; fourth, that the buildings, machinery, stock, and materials are deteriorating in value; fifth, that the property mortgaged will not bring enough to pay the bonds claimed by the New Paddock-Hawley Company.

In the case of In re Taliafero, Fed. Cas. No. 13,736, Chief Justice Waite, sitting as Circuit Justice in the Eastern District of Virginia, said:

"A sale ought not to be ordered free of incumbrances, unless it is reasonably shown that the proceeds will be more than sufficient to discharge the lien."

In the case of In re Pittelkow, 92 Fed. 901, Judge Seaman said:

"It is, however, the duty of the court to consider the interests of mortgagees and other secured creditors, as well as those of the general creditors; and unless it is apparent (1) that the mortgaged premises in the given case will probably realize upon a sale an amount substantially in excess of the mortgage, and (2) that there are no complications, by dower rights, conveyances, or other conditions, which require foreclosure under the mortgage, the power to proceed summarily by sale, including the interest of the mortgage, should not be exercised. In re Taliafero, 3 Hughes, 422, Fed. Cas. No. 13,736; In re Kahley, 2 Biss. 383, Fed. Cas. No. 7,593; Foster v. Ames, 1 Lowell, 313, Fed. Cas. No. 4,965. Certainly, if foreclosure is necessary to bar rights which cannot be brought before the court in the bankruptcy proceeding, the mortgagee should have leave to that end, on proper showing of cause; otherwise, he would be compelled to bid for the protection of his mortgage interest, without the benefits of complete foreclosure."

In the case of In re Saxton Furnace Company, 136 Fed. 697, Judge McPherson said:

"The creditors who hold the furnace company's bonds have a right under the mortgage to use them in payment of the purchase money, if the property shall be sold by a judicial sale, and of this right they should not be deprived, if their title is unimpeachable. If the trustee disputes their right to retain the bonds, averring that they have received a preference, it would seem to be his duty to obtain a judicial decision of the question, even at the cost of delay and inconvenience."

If the New Paddock-Hawley Company is the legal owner of the bonds, and they are legal obligations of the bankrupt and are secured by mortgage, the holder of the bonds should be permitted, if it sees

fit, to use them in the purchase of the property at the sale. Its title is disputed by the trustee, and its right to use the bonds depends on the result of the foreclosure suit. Under the circumstances, an order should not be made for the sale of the property covered by the mortgage.

The petition will be denied as to that property, but will be granted as to the stock and material.