## CLARK HARDWARE CO. et al. v. SAUVE.

(Circuit Court of Appeals, Eighth Circuit.  January 4, 1915.)

No. 136, Original.

1. BANKRUPTCY ☞248—SALE OF PROPERTY—APPRAISEMENT—APPRAISERS—
   QUALIFICATIONS.

   That one of the appraisers appointed to appraise the property of a
   bankrupt mining company was a lessee of a portion of the property and
   was required to work the same on a royalty did not disqualify him to act
   as an appraiser; he having no interest in the land owned by the bank-
   rupt, nor in the proceedings, nor in the sale of the property, under Bankr.
   Act July 1, 1898, c. 541, § 70b, 30 Stat. 565 (U. S. Comp. St. 1913, § 9654),
   requiring the appraisement to be by three disinterested appraisers.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞248.]

2. EVIDENCE ☞571—EFFECT OF OPINIONS—PROBABLE VALUE.

   On an application for the sale of a bankrupt's property free from liens,
   the court was not bound by the opinions of witnesses, even if uncontra-
   dicted, that the property would not bring enough to pay the liens thereon,
   but was entitled to consider the sworn estimate of the appraisers in
   bankruptcy, which was at variance with the opinions of such witnesses.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2395–2398;
   Dec. Dig. ☞571.]

3. BANKRUPTCY ☞266—SALE OF ASSETS—PURCHASE BY LIEN CREDITOR—
   PAYMENT OF BID—CREDITS.

   It was proper for the court, on directing a sale of a bankrupt's assets
   free from liens, to provide, in case of purchase by the holder of a valid
   lien, that he was entitled to credit against the purchase price of the
   amount that otherwise would accrue to him by reason of his lien.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞266.]

Petition to Revise Order of the District Court of the United States
for the District of Colorado; Robert E. Lewis, Judge.

In the matter of bankruptcy proceedings of the Pewabic Consolidat-
ed Gold Mines Company.  Application of David B. Sauve, as trustee,
etc., to sell the bankrupt's property free from liens.  Application by the
Clark Hardware Company and others to set aside the appraisement.
An order was entered denying the motion, and granting the applica-
tion of the trustee, and the objecting creditors filed a petition to revise.
Denied.

Leroy J. Williams, of Denver, Colo., for petitioners.

J. E. Robinson, of Denver, Colo., for respondent.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOU-
MANS, District Judges.

T. C. MUNGER, District Judge.  In the course of the administra-
tion of the estate in bankruptcy of the Pewabic Consolidated Gold
Mines Company, three appraisers were appointed to value the property
of the estate.  After the appraisers' report was filed certain creditors,
who held some of the bonds secured by a deed of trust upon a portion
of the property appraised, moved to set aside the appraisement on
the ground that one of the appraisers was not disinterested, but the
motion was overruled.  The trustee filed a petition asking to have the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bankrupt's property sold free of liens, and to this the creditors filed objections, which were also overruled, and an order was entered for the sale of the property as prayed.

A petition for review of these orders of the referee was filed, and upon a hearing thereon the District Court affirmed them, and thereupon this petition for revision of the proceedings was prosecuted.

[1] Section 70b of the Bankruptcy Act provides for the appraisal of all property belonging to bankrupt estates by "three disinterested appraisers." One of the appraisers in this case was the lessee of a portion of the property under a mining lease, which required work to be done and royalties to be paid in consideration of the lease. This lease had been made more than four months before the petition in bankruptcy was filed, and is not claimed to be subject to attack, and the order made directed the sale of the bankrupt's property subject to the lease. While the lessee had an interest in land owned by the bankrupt, he is not shown to have had any interest in the bankruptcy proceedings, or in the sale of the property, and no error was committed in the refusal to set aside the appraisement.

In support of the objections made to the order of the court directing the sale of the bankrupt's property free of liens, it is claimed that no advantage will accrue to the estate thereby, because the undisputed evidence shows that the property is not worth the amount of the valid incumbrance thereon; that some of the holders of liens intend to purchase the property at the sale at a price that will sacrifice the rights of other lien holders; and that there was error in directing that the purchaser, if a lien holder, might have credit on the purchase price for the amount of his distributive share of the price paid.

[2] Witnesses testified that in their opinion the property ordered sold would not bring enough to pay the liens thereon; but the lower court was not bound by the opinions of these witnesses, even if uncontradicted. The Conqueror, 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937; Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028; Forsyth v. Doolittle, 120 U. S. 73, 7 Sup. Ct. 408, 30 L. Ed. 586; Harrison v. Clarke, 164 Fed. 539, 90 C. C. A. 413; Taintor v. Franklin National Bank of New York (C. C.) 107 Fed. 825.

The court had the right to consider the sworn estimate of the appraisers in bankruptcy, which was at variance with the opinions of value given by the witnesses, in determining whether the estate might be benefited by a sale of the incumbered property, and its decision on a question of fact is not reviewable in this proceeding. Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200.

[3] The evidence presented to the lower court did not require a finding that a sale of the property would sacrifice the interests of minority lien holders. The order of sale provides for a sale by parcels, at auction, at which the petitioners have the right to bid. Nor did the court below act beyond its discretion, in allowing, upon confirmation of the sale, a credit to the purchaser, if the holder of a valid lien on the property, of the amount that otherwise would accrue to him by reason of his lien, as it was needless for the purchaser to pay into court money that must be repaid to him. In re Harralson, 179 Fed. 490, 103

C. C. A. 70, 29 L. R. A. (N. S.) 737; In re Waterloo Organ Co. (D. C.) 118 Fed. 904; In re Saxton Furnace Co. (D. C.) 136 Fed. 697; In re Fayetteville Wagon-Wood & Lumber Co. (D. C.) 197 Fed. 180.

The petition to revise is denied.