## UNITED STATES MEXICAN OIL CORPORATION v. PENNSYLVANIA R. CO.

Circuit Court of Appeals, Second Circuit.
June 6, 1927.

No. 341.

**1. Collision ⊙═◯95(7)—Tug held at fault in permitting tow to crowd steamer, and jointly liable for steamer's stranding.**

Evidence *held* to show tug at fault in permitting her tow to crowd steamer onto rocks, and jointly liable with steamer for damage done.

**2. Admiralty ⊙═◯118—Trial court's findings as to liability for stranding are conclusive, unless certain error can be found.**

Trial court's findings of fact as to liability for stranding are conclusive, unless certainty of error can be found.

Appeal from the District Court of the United States for the Southern District of New York.

Libel filed by the United States Mexican Oil Corporation, as owner of the steamship Pearldon, against the Pennsylvania Railroad Company, for damages due to stranding of the vessel. From a decree holding both at fault, the Pennsylvania Railroad Company appeals. Affirmed.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and A. Howard Neely, both of New York City, of counsel), for appellant.

Barry, Wainwright, Thacher & Symmers, of New York City (Earle Farwell, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The vessel Pearldon was stranded on January 13, 1921, on a shoal near Shooter's Island off Newark Bay. Appellant's tug No. 32 is held responsible therefor, jointly with the Pearldon, and this appeal seeks to review that decree.

[1, 2] The cause of stranding was found to be due to the No. 32 permitting her tow to swing up into Newark Bay so that it was across the course of the Pearldon and crowded her on the rocks at Bergen Point, while she was attempting to navigate clear of the tow. The Pearldon was also held at fault, but no appeal is taken, and we are not now urged to exonerate her from fault. Appellant's argument is that the Pearldon was not crowded over on the rocks as claimed; also that, if she was crowded, it was not the tow of the Pennsylvania Railroad Company No. 32, but the tow of another party. While the rule, so often stated, is applicable here—that we will accept the conclusion of the trial judge as to the findings of fact, unless certainty of error can be found (The Perry Setzer [C. C. A.] 299 F. 587; Luckenbach S. S. Co. v. Campbell [C. C. A.] 8 F.[2d] 223; The Bern [C. C. A.] 261 F. 996)—still we have examined this record, because of the earnest plea of counsel that there is error. The tug and vessel passed each other at the Red and Black Obstruction Buoy. The Pearldon grounded on Bergen Point. When she struck the rocks, the evidence clearly shows that the No. 32 was about abreast of the Pearldon. A tug was made fast to the port bow of the Pearldon, and her master gave ample evidence of the occurrences, and the No. 32 was sufficiently identified. That the Pearldon struck the bottom off Bergen Point is established beyond reasonable dispute. It was also proved that it was impossible for the Pearldon to keep in the deep channel, because the No. 32 and her barges were sagging up to the northward. It is also established that they met in this passage at the Red and Black Buoy.

The claim that the tide alone caused the Pearldon to go over on the rocks is unsupported by the proof. The presence of the tow prevented the Pearldon from counteracting the set of the tide at the place. She was pursuing a straight course after passing Buoy S–2 and was making allowance for the set of the tide. Her heading was altered to her port in order to overcome this set of the tide, and she would have cleared the rocks, only she was forced to alter her course, owing to the crowding of the tow. It is idle to claim that a tug other than the appellee's was involved in this happening.

After striking the rocks on Bergen Point, and before her navigators could again put her under control, she stranded on the shoal to the east of Shooter's Island. Apparently, injury occurred from both of these strandings. The navigator of the No. 32 is chargeable with the knowledge that an unwieldy tow, with the tide tending to set in toward the Newark Bay, would cause his tow to cross the path of the oncoming vessel. The Aurora (C. C. A.) 258 F. 439. Such navigation is faulty and blameworthy, and the District Court properly sustained the allegations of fault against the No. 32.

Decree affirmed, with costs.