## CECIL v. WISE.

### No. 1689.

Court of Civil Appeals of Texas. Eastland.

Sept. 24, 1937.

Rehearing Denied Oct. 15, 1937.

Davidson & McMahon, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

FUNDERBURK, Justice.

C. W. Cecil, being indebted to Oscar Wise for approximately $1,000, the balance of the purchase price of a stock of goods, executed and delivered to Wise as evidence of said debt, or a part thereof, and in renewal thereof, five notes dated April 23, 1932, aggregating $679.34, with 8 per cent. interest from the several maturity dates thereof. As security for said notes Cecil, being the owner of an installment vendor's lien note for the principal original sum of $1,600, which was executed by W. A. Stagner, payable to J. M. Chaney, and providing for 8 per cent. interest, etc., transferred same to Wise, with an indorsement reading thus: "C. W. Cecil with recourse as collateral for a series of 5 notes." Said collateral note acknowledged a vendor's lien on 320 acres of land in Yoakum county (less one-half of the minerals therein) conveyed by said J. M. Chaney to said W. A. Stagner. Subsequently, Miss Neill Mills, having been adjudged a bankrupt, the trustee in bankruptcy, under orders so providing, sold the land upon which said $1,600 note acknowledged said lien as the property of the bankrupt; the order providing that the sale should be free and clear of all liens and incumbrances, except taxes and a debt due the state. Notice of such sale was given to Oscar Wise, who filed a proof of claim on said note in the bankruptcy court, and at the sale purchased the land for $1,000, after having advanced $30 additional as court costs upon the demands of the bankruptcy court officials.

This suit was brought by Cecil against Wise, seeking to have defendant's title and possession of said land adjudged to be held in trust for plaintiff, subject to a lien in favor of defendant for the amount due and owing by plaintiff to defendant. An accounting between the parties as to said indebtedness was also sought, as well as an accounting by defendant of the income, rents, revenues, and proceeds of the land after its conveyance to defendant, all to be credited upon plaintiff's indebtedness to the defendant. Plaintiff further prayed that upon payment of the sum due as established by such accounting, the court require and compel the reconveyance of said land by defendant to the plaintiff, etc.

Upon a nonjury trial, judgment was rendered for defendant Wise, from which the plaintiff Cecil has appealed.

The trial judge filed conclusions of fact and law which in some respects are chal-

lenged by the appellant, as will hereinafter appear. Additional facts will be stated later, as may be necessary. ·

The trial judge found as a conclusion of fact from the evidence that at the time the land in question was sold by the trustee in bankruptcy to Wise there was due on the $1,600 vendor's lien note "approximately $1,200," and on the indebtedness due by Cecil to Wise "approximately $1,000." A further finding was to the effect that of the $1,200 due on the $1,600 note "approximately $200 was due the said J. M. Chaney." The last-named finding is challenged. It is our view that there was no issue in the case to which that finding was responsive, and that, as contended by appellant, there was no evidence to support such finding. For all purposes material to the issues joined in the suit, Cecil, according to the undisputed evidence, was the owner of the vendor's lien note, subject only to the terms of the pledge thereof to Wise as collateral security for his own five notes given to Wise. The fact that Cecil may have owed Chaney $200 as a balance of the consideration which he promised to pay Chaney for the note in no manner, disclosed by any evidence in the case, constituted ownership in Chaney of any part of the note, or affected Cecil's title to same.

■ Under the above findings of the trial judge, as modified by our conclusion just stated, the collateral note was not paid in full from the proceeds of the sale of the land, but lacked approximately $200. On the other hand, Cecil's notes to Wise, as security for which the vendor's lien note was given, were acknowledged to have been paid in full. Assuming that the trustee in bankruptcy, as to both Wise and Cecil, had authority to sell the land free and clear of all incumbrances, such assumption cannot override or vary the fact that Wise was under the duty to return to Cecil the collateral note, of which he was pledgee, credited with the $1,000 (or $1,030), proceeds of the sale.

■ "The primary duty of the pledgee" according to Ruling Case Law, "is to return the article pledged to the pledgor, immediately upon ·the performance of the obligation for which the security was given * * * and his refusal so to do amounts to a wrongful conversion. And, since the pledgee impliedly agrees faithfully to hold the pledge until the conditions have been performed upon the faith of which the choses in action, goods or personal chattels have been delivered to him the ·rule is general, if not universal, that the wrongful or unauthorized disposition of pledged property by the pledgee or his agent so as to put it out of his power to redeliver it on payment of the debt which it secures is a conversion for which an action will lie." 21 R.C.L. p. 675, § 37; Parmley v. Aynesworth (Tex.Civ.App.) 37 S.W.(2d) . 836, and authorities there cited.

■ Wise, evidently upon the theory that he was the absolute owner of the collateral note, proved it up as a claim in the bankruptcy proceedings, thereby purporting to authorize the bankruptcy court, if the property should sell for less than sufficient to discharge it in full, to pay less than the full amount of the note in discharge of the obligation. As between Wise and the court, the former may have had authority to do this, though we think this may be doubted. As between Cecil and Wise, no authority on the part of Wise to do so is shown by the pleadings, evidence, or findings. In practical effect, Wise surrendered the note upon which $1,200 was due in a proceeding which Cecil was not a party, and without authority of the latter took the land in lieu of the note.

■ Under the facts, we think Cecil had the option or right of election to treat such manner of dealing with the note as a conversion and to claim damages or challenge the authority of the bankruptcy court on the one hand, or to waive the tort and proceed, as he has, to have impressed upon the land a trust with the effect that the land stand in lieu of the note, subject to a like lien to secure the indebtedness as the collateral note.

■ We are unable to see that any rights of the parties are controlled by the principles governing estoppel. Wise, in bidding for the land, was serving his own interest. Had he bid the full amount due on the collateral note he would thereby have collected the full amount of the note, and that he was fully authorized to do by the terms of his contract by which the note was pledged. He could then have discharged his duty to Cecil by paying him the excess over the amount of the secured debt. He was, of course, under no duty to bid the amount of the note as the purchase price of the land, or to bid for the land at all. There was no evidence or finding of any agreement to the effect that if Wise bid for the land, and became the purchaser, the amount of his bid was to discharge the

note. Mere notice to Cecil of the purpose of Wise to purchase the land for his own protection if Cecil failed to do so was not notice, express or implied, of his purpose to surrender and discharge the note as the consideration for the conveyance to him of the land, and hence could not, we think, estop Cecil to claim that the land stands in lieu of the collateral note merely as security for the debt it was pledged to secure.

■■ It is not necessary to determine or consider what would have been the effect had Cecil's interest in the collateral note been disclosed to the bankruptcy court, and he had been made a party to the bankruptcy proceeding and had himself filed a claim based on the obligations of the note, and had been served with proper notice of the application to sell the land free and clear of incumbrances. Neither the evidence nor the findings show such state of facts. The finding to the effect that "legal, written notice of the time, place and terms of sale was sent to the defendant Oscar Wise *and delivered and conveyed to the plaintiff by the defendant*" (italics ours) clearly implies that Cecil was not a party to the bankruptcy proceeding and legally notified as such of the said application. The authority of the bankruptcy court to make such an order a valid one as to Cecil was dependent upon his being a party to the proceeding, and, as such, having due notice of the application to sell, free and clear of liens and incumbrances. Factors' & Traders' Ins. Co. v. Murphy, 111 U.S. 738, 4 S.Ct. 679, 28 L.Ed. 582; In re Platteville Foundry & Machine Co. (D.C.) 147 F. 828; In re Saxton Furnace Co. (D.C.) 136 F. 697.

The authority of the court to order the sale of the property with the effect stated is not questioned in this case. It may well have been considered that Wise was ostensibly the owner of the note as regards his dealings with the bankruptcy court, and yet it be true that as between him and Cecil, who was not a party, he was not such owner.

Principles governing equity of redemption are not believed to have any application here. If a trustee's sale of property, free and clear of liens and incumbrances, may under any circumstances be considered a foreclosure of the liens, a question we do not find it necessary to decide, it seems clear to us that there was no foreclosure in this case as to the interest of Cecil, who was not a party to the bankruptcy proceeding. In the absence of foreclosure, no equity of redemption was involved, and, therefore, there is no question of a waiver of such equity.

It is plain to us that the judgment rendered was upon an incorrect theory of law, that the foregoing statement of our conclusions has the effect of sustaining a number of appellant's assignments of error requiring that the judgment of the court below be reversed and the cause remanded for a new trial. It is accordingly so ordered.

### On Rehearing.

■ In his motion for rehearing, appellee says: "This honorable court held that the trial court was wholly incorrect in finding that there was $200 due Chaney on the note sued on, and further found that same was *not disclosed by any evidence in the case.*" This statement reflects a misunderstanding of our opinion. The statement has reference to that part of the opinion, reading as follows: "A further finding was to the effect that of the $1200 due on the $1600 note 'approximately $200 was due the said J. M. Chaney.'" The $200 due Chaney was not due on the $1,600 note. The obligation to pay that $200 was the obligation of Cecil, and was never any part of the obligation of the maker of the $1,600 note. It was our conclusion that the fact that Cecil owed $200 to Chaney, a third party, as a balance of the consideration promised for the transfer to him of the note, did not affect Cecil's ownership of the note. There was no reservation of title or interest in the note. The fact that the contract of transfer may have rendered Cecil's ownership of the note defeasible was deemed of no importance in this case. The fact that the owner of an oil and gas lease holds as he does by the ordinary lease a defeasible ownership in the minerals does not render him any the less the owner until the defeasance becomes effective. Any weakness in the title of Cecil to the note was passed on as a weakness in the qualified title of Wise. Wise could not prove up the note as sole owner, and then say that $1,000 paid the balance of the $1,200 due on the note because a $200 interest in the note was outstanding in a stranger.

In the view of the honorable trial judge, the contract of transfer was evidence of ownership in Chaney of a $200 interest in the note. It was our conclusion that it was not such evidence. Hence our further con-

clusion that there was no evidence to support the finding.

The other questions raised by the motion are deemed to have been sufficiently covered in the opinion.