HILDY PARKS COHEN, Plaintiff

v.

HAROLD ORTZSIK, Defendant

Civil No. 7-1973

District Court of the Virgin Islands

Div. of St. Croix

December 23, 1974

ROSSKOPF & DEMA, ESQS. (KENNETH ROSSKOPF, of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

ISHERWOOD, COLIANNI, ESQS. (THOMAS ALKON, of counsel), Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

MEMORANDUM OPINION AND ORDER

Banco, Inc. (herein "Banco") filed a motion to quash a writ of execution of sale filed against Plot No. 14, Estate Salt River. Banco, Inc., is assignee of the statutory right to

redeem after a mortgage foreclosure from the mortgagor of Plot 14, Harold Ortzsik (herein "Ortzsik").

Banco redeemed the property pursuant to 5 V.I.C. § 494. Plaintiff was mortgagee of Plot 14, and due to Ortzsik's default, plaintiff foreclosed the mortgage. Plaintiff bid in $10,000.00 of her $29,076.37 judgment against Ortzsik at the foreclosure sale, resulting in a $19,073.37 deficiency judgment. Plaintiff argued that she had a lien against the property in the hands of the third party assignee to the extent of her deficiency judgment.

I continued this motion from October 9, 1974, so that plaintiff could obtain counsel, she having discharged the counsel who had been representing her. No counsel for plaintiff appeared in the more than 60 days from the continuance. Rather than subject Banco to more delay, I proceeded to decide this case without briefing by plaintiff. I am satisfied that the rule of law in this jurisdiction is that a foreclosure sale terminates the mortgagee's lien; therefore a third party assignee who redeems takes free of any lien of the mortgagee. The statutory right of redemption after a foreclosure sale in the Virgin Islands is found at 28 V.I.C. § 535 which makes 5 V.I.C. § 496 applicable (foreclosure of a judgment lien) except the redemption period is six months from the date of confirmation of sale for a mortgage foreclosure. Section 496 provides:

"The judgment debtor or his successor in interest may redeem the property at any time prior to the confirmation of sale on paying the amount of the purchase money, with interest at the legal rate per annum thereon from the date of sale, together with the amount of any taxes which the purchaser may have paid thereon after the purchase. If the judgment debtor does not redeem until after the confirmation of the sale, thereafter he shall redeem within twelve months from such order of confirmation and not otherwise.

The mortgagee has the inherent advantage when bidding at a foreclosure sale of not having to put up any cash. The

purpose of the redemption statute is to force the mortgagee to bid the fair market value of foreclosed property. If the mortgagee bids less than the fair market value of the property, he risks the mortgagor assigning that right to a third party who will redeem. However, if a deficiency judgment against the mortgagor is a lien upon the mortgagor's right of redemption, then the policy is frustrated because third parties are less likely to be interested in the property if they are going to have to pay the entire outstanding mortgage debt. Thus a mortgagee could bid far less than the fair market value of the property at a foreclosure sale and obtain a deficiency judgment against the mortgagor that equals the difference between the amount outstanding on the mortgage and the amount bid by the mortgagee. The difference between the amount bid and the fair market value of the property would enrich the mortgagee unjustly to the detriment of the mortgagor.

The case of Johnson v. Zahn, 44 N.E.2d 15 (Ill. 1942), is on all fours with this case. There the mortgagee tried to create a judgment lien on the mortgage debtor's statutory right to redeem so that she would have a lien on the right in the hands of a third party. The court noted that after the foreclosure sale the mortgage had expended its force and the property was no longer subject to its provisions. The court held:

". . . that unless the mortgagor redeems, or his grantee who redeems is shown to have done so for the mortgager's benefit, a grantee redeeming takes the property free from any lien arising from the deficiency judgment . . . ."

Plaintiff has a deficiency judgment against Ortzsik which she can seek to enforce. To allow plaintiff to retain the redemption price and to execute against the redeemed property would be a windfall. Therefore, the rule in this jurisdiction is that a good faith assignee of the statutory right to redeem after a mortgagee foreclosure takes the right

free of any lien of the mortgagee based upon the extinguished mortgage or a deficiency judgment. After the right of redemption is exercised, the assignee will hold the property free of any such liens.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that the Writ of Execution levied against Plot No. 14 Estate Salt River be QUASHED, Banco, Inc., hereby awarded its costs and attorney's fees of $500.00.