HOUSING INVESTMENT CORPORATION, Plaintiff

v.

LEUDEN TODMAN, Defendant

Civil No. 517/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 28, 1978

ROBERT MURNAN, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiff*

DEFAULT ENTERED *against defendant*

HODGE, *Presiding Judge*

### MEMORANDUM OPINION

The question presented is whether a judgment creditor, who successfully bids at the judicial sale of his judgment debtor's property and who is entitled to some or all of the proceeds of that sale, may apply the amount awarded in his judgment towards his bid purchase price instead of making his payment in money.

For the reasons which follow, as well as for the avoidance of the unnecessary transfer of funds from the judgment creditor to the Territorial Marshal to the Clerk of the Court and back to the judgment creditor, I conclude that the question presented should be answered in the affirmative, subject to the guidelines enumerated below.

### I

Under Virgin Islands law (5 V.I.C. ch. 43) a four-step procedure is contemplated in finalizing judicial sales. First, there must be immediate payment by the successful bidder to the marshal; second, the proceeds from the sale and a Certificate of Sale must be turned over by the marshal to the Clerk of the Court; third, the sale must be confirmed by the court after verification of its compliance with law; and fourth, the clerk must disburse all or part of the proceeds to the judgment creditor in full or partial satisfaction of his judgment.

Because the judgment creditor is the ultimate recipient of the proceeds of the sale, a long-standing practice has developed in the Virgin Islands in which the creditor's judgment is substituted for cash payment to the marshal, where the creditor is the successful bidder at the sale of his debtor's property. This practice has emerged because Virgin Islands law makes no specific provision for the application of a creditor's judgment towards his successful bid purchase price.

Despite the long-standing acquiescence by the judgment creditors, the marshal, the clerk, the bar, and the courts in this practice, our research discloses no formal decision which addresses the possible conflict between the legal requirement for the payment of money and the practice of substituting a creditor's judgment for that money.

Accordingly, an analysis was made of procedures being utilized in other jurisdictions to assist in our resolution of this issue.

## II

Where reported cases in other jurisdictions have considered the issue, they support the general proposition that a purchaser entitled to proceeds from a judicial sale is allowed a credit upon the purchase price in an amount not exceeding his judgment award. Moreover, they indicate that a receipt directed to the Clerk, reciting the amount due the judgment creditor which is to be applied towards the bid purchase price, is deemed to be the equivalent of cash.

The leading case in support of this general rule is In re Renne, 55 F.Supp. 868 (D. Neb. 1944), wherein the Federal District Court in Nebraska recognized and affirmed a crediting procedure nearly identical to the current Virgin Islands practice. Despite a Nebraska statute requiring that judicial sales be conducted on a cash basis, the court approved the prevailing practice of allowing credit on the pur-

chase price in the amount of the purchaser's judgment. In Illinois a receipt is given to the agent of the Court by the person entitled to the proceeds of the sale, and they consider the receipt to be the equivalent of cash and a proper medium of payment. White v. Central Trust Co. of Illinois, 259 Ill. App. 68 (1931). Similar procedures have also been adopted or affirmed in Colorado,[1] Arkansas,[2] Pennsylvania,[3] and Texas.[4] In each of these cases the court was considering a judicial sale, attended by one or several judgment creditors, somewhat synonymous to the judicial sale procedure currently in use in the Virgin Islands.[5]

These cases demonstrate that the procedure of crediting a judgment award against a bid purchase price is an accepted practice in other jurisdictions. They further suggest, however, that to insure consistency with statutory provisions the delivery of a certificate or receipt by the judgment creditor to the Court is required. Clearly, this certificate or receipt also protects the judgment debtor since it constitutes proof of full or partial satisfaction of the judgment.

## III

In examining the Virgin Islands practice, I find that no receipt has been utilized to document the credit against the purchase price, nor to establish proof of full or partial satisfaction of the judgment. This court shall therefore formally adopt the use of a receipt, the submission of which at the time of sale will make it unnecessary for a judgment creditor to pay money which must then be paid back to him. Such a receipt shall be entitled "Receipt for Full

---

[1] Clark Hardware Co. et al v. Sauve, 220 F. 102 (8th Cir. 1915).
[2] In re Fayetteville Wagon-wood & Lumber Co., 197 F. 180 (W.D Ark. 1912).
[3] In re Saxton Furnace Co., 136 F. 697 (E.D. Pa. 1905).
[4] Texas Building and Mortgage Co. v. Morris, 125 S.W.2d 364 (Tex. Cir. App. 1939).
[5] In Cohen v. Ortzsik, 11 V.I. 116 (D.V.I. 1974), no legal basis was given for the dictum which asserted that the mortgagee did not have to make payment in cash after successfully bidding at a foreclosure sale.

303

or Partial Satisfaction of Judgment," shall be executed by the judgment creditor, and shall recite the amount awarded in the judgment, the amount of the successful bid at the judicial sale, the description of the property, the extent of satisfaction of the judgment, and other pertinent information.[6] In addition, it shall be affixed to a certified copy of the judgment which is the basis of the execution sale.

These documents shall be deemed a proper medium of payment for real or personal property successfully bid upon by a judgment creditor. They shall be accepted by the Territorial Marshal for delivery to the Clerk of the Court for filing and for proof of satisfaction of the judgment. With this utilization of the receipt, I find that no substantial conflict will exist between the monetary requirements of Virgin Islands law and the crediting procedures of Virgin Islands practice. In addition, no difficulties will exist where the judgment debtor timely exercises his right to redeem the property, since the funds deposited at redemption would be paid over to the judgment creditor in exchange for the property obtained at the judicial sale. Thus, the Receipt for Full or Partial Satisfaction of Judgment would still be valid.

Finally, such purchases by judgment creditors shall be considered regular, monetary transactions for the purpose of determining whether a particular judicial sale merits confirmation by the Court. This consideration by the court carries a concomitant responsibility to insure the regularity of the judicial sale and its compliance with law before the confirmation order is signed.[7] This is critically impor-

[6] The official form of the receipt will be subsequently adopted for inclusion in the Clerk's Manual.

[7] Irregularities include the imposition of conditions of sale which are inconsistent with the applicable provisions of law. For example, there is no statutory authority in foreclosure sales for a 10% deposit of the bid price, nor for a 30-day allowance to make payment in full. See Judge Silverlight's opinion dated August 17, 1978 in First Pennsylvania Bank, N.A. v. Gloria La Viscount, 15 V.I. 318 (Terr. Ct. 1978).

tant, despite the five-day period for the filing of objections by the judgment debtor (5 V.I.C. § 489(1)), because an order confirming a sale is a conclusive determination of the regularity of the sale, as to all persons, in any other action (5 V.I.C. § 489(4)). Where irregularities are detected, motions for confirmation of sale will be denied and re-sale of the property will be ordered. Properly administered, and subject to the safeguard of judicial review via the confirmation process, the use of the required receipt will improve the present practice and establish a procedure that will be consistent with the objectives of Virgin Islands law, while at the same time eliminating the needless transfer of funds.

## IV

For the foregoing reasons, I conclude that a judgment creditor, who successfully bids at the judicial sale of his judgment debtor's property and who is entitled to some or all of the proceeds of that sale, may apply the amount awarded in his judgment towards his bid purchase price instead of making his payment in money, if he delivers to the marshal a Receipt for Full or Partial Satisfaction of Judgment, executed in accordance with the general format described in this opinion.