[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts were stipulated to by the plaintiff, Farmers Mechanics Bank, and the defendant, Jewett City Savings Bank:
 1. On November 15, 1990, the plaintiff commenced an action in this court to foreclose a blanket mortgage dated May 22, 1990 on various premises including property located at 650 East Street, Hebron, Connecticut owned by Kevin O'Donnell, with a return date of December 11, 1990.
 2. The matter went to judgment on June 10, 1991 and provided for law days commencing on August 12, 1991.
 3. A Certificate of Foreclosure was recorded in the Hebron Land Records on August 27, 1991.
 4. Also, on November 15, 1990, the plaintiff commenced an action to foreclose the same mortgage (May 22, 1990) in New London County Superior Court on remaining properties covered by the blanket mortgage, which matter went to judgment on March 11, 1991. The Court further found a deficiency judgment in favor of the plaintiff against the defendant, Kevin O'Donnell, on July 15, 1991 in the amount of $217,904.62 which remains unsatisfied.
 5. The present action seeking the foreclosure of plaintiff's mortgage on 650 East Street, Hebron, Connecticut was commenced on December 11, 1990 with a return date of January 15, 1991. The defendant, Jewett City Savings Bank, was added as a party on May 6, 1991.
 6. All defendants except Jewett City Savings Bank have been defaulted. CT Page 3614
 7. The amount due plaintiff on the promissory note is $81,690.54 as of this date.
 8. The plaintiff's note and mortgage are dated July 14, 1987. The mortgage was recorded on July 29, 1987 in Volume 127, Page 896 of the Hebron Land Records.
 9. The defendant, Jewett City Savings Bank, is the owner of a mortgage on the locus known as 650 East Street, Hebron, Connecticut in the amount of $35,000.00 dated December 12, 1988 and recorded December 15, 1988 and remains outstanding.
 10. The current value of the premises is $99,000.00.
 11. The defendant, Kevin O'Donnell, was requested by the plaintiff to surrender the premises subsequent to the judgment of strict foreclosure in the matter involving the blanket mortgage and plaintiff has been in possession of the premises since August 13, 1991.
The defendant, Jewett City Savings Bank, argues that because the plaintiff chose to first foreclose it's junior mortgage, dated May 22, 1990, and took title to the subject property, the plaintiff's outstanding senior mortgage, dated July 14, 1987, merged with plaintiff's title and was thereby extinguished. The plaintiff argues that the doctrines of merger and appropriation do not apply because there were two debts secured by separate mortgages. The plaintiff argues that the foreclosure of the junior mortgage did not satisfy either debt and the plaintiff did not intend to extinguish the senior mortgage or merge title to the premises.
All cases cited by the defendant in support of its contention of merger involve situations where a mortgagee, holding a single mortgage, acquires title to the subject premises by redemption or by conveyance. In those cases, the issue arises whether the mortgagee's acquisition of the equity of redemption or title by conveyance causes a merger CT Page 3615 of the mortgage debt so as to extinguish the personal liability of the mortgager. This determination is made by looking to the intent of the parties. See Hurlbutt v. Hurlbutt, 6 Conn. Cir. Ct. 314, 321 (1970); Kligerman v. Union New Haven Trust Co., 127 Conn. 623 (1941); Glotzer v. Keyes, 125 Conn. 227 (1939). "In the absence of any intention, it' is presumed . . . . that the party against whom the merger is claimed [would] pursue the course which would best protect and promote his interests, and it is never presumed that a merger resulted where that condition would be productive of injustice to the mortgagee or injurious to his interests . . . ." (Citations omitted). Hurlbutt, supra, 321.
Because the present case involves two mortgages, held by the plaintiff, to secure two debts on the same property, the cases cited by the defendant are inapposite. The plaintiff's foreclosure of the junior mortgage, before its foreclosure of the senior mortgage on the same property, did not cause a merger of the senior mortgage into plaintiff's title because there were two distinct mortgages and debts. See Bank of Hartford v. Sereno, 7 CSCR 1049, 1050 (September 28, 1992, Schaller, J.). Based on the stipulated facts, the Court, can only conclude that the foreclosure of the junior mortgage did not extinguish the outstanding senior mortgage. 55 AM.Jur.2d Section 557, p. 534-5.
Assuming, arguendo, a merger were possible in the present case, the Court finds based on the stipulation that the plaintiff, Farmers Mechanics Bank, by foreclosing the junior mortgage did not intend to cause a merger of the senior mortgage when taking title to the property. This is evidenced by the fact that the plaintiff instituted the foreclosure action of the junior mortgage by a complaint dated November 15, 1990 and instituted the present foreclosure action (of the senior mortgage) by complaint dated December 11, 1990. The defendant, Jewett City Savings Bank, was listed as a prior encumbrancer in the November 15, 1990 complaint and as a subsequent encumbrancer in the present action by way of a motion to cite in and amended complaint dated April 10, 1991. Thus, by instituting two foreclosure actions, on mortgages securing separate debts, the plaintiff evidenced its position that no merger was intended.
The Court finds that the doctrines of merger and CT Page 3616 appropriation do not apply to the present case and, even if applicable, the Court finds that the plaintiff, by its actions, intended no merger to occur.
The defendant next argues that the senior mortgage, dated July 14, 1987, is invalid under Connecticut General Statutes Section 47-5 because the mortgage deed was neither acknowledged nor attested to by two witnesses.
 Connecticut Special Acts 89-b (1989), entitled An Act Validating Acts and Deeds, Valid Except for Certain Irregularities and Omissions, provides: Sec. 3 CONVEYANCES. (a) No deed, mortgage, lease, power of attorney, release, assignment or other instrument made for the purpose of conveying, leasing, mortgaging or affecting any interest in real property in this state and recorded prior to the effective date of this act in the land records of the town in which such real property is located shall be deemed invalid, because any such deed, mortgage, lease, power of attorney, release, assignment or other instrument:
 (1) Was not acknowledged or was improperly acknowledged or he person taking the acknowledgement did not have the authority to do do, or the authority of the person taking such acknowledgement was not properly stated or authenticated, or the date or place of such acknowledgment is not stated;
(2) Omits a statement of any consideration;
 (3) Was attested by one witness only or by no witnesses; . . .
 (21) Contains more than one of the defects enumerated in this act.
Thus, because the mortgage was recorded on July 29, 1987, prior to the effective date of this act, April 18, 1989, Special Act 89b Section 3 validates the otherwise defective mortgage deed. CT Page 3617
Therefore, the judgment of strict foreclosure should be granted to Farmers and Mechanics Bank foreclosing all subsequent encumbrancers in this action.
Judgment of foreclosure granted with the terms as to law date and/or fees to be by stipulation of the parties or on motion after the hearing.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court