[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A judgment of strict foreclosure entered in this matter on January 17, 1995 and the court set May 23, 1995 as the law day for the defendants, Maria-Luise Elshazly, A/K/A Merlise Elshazly and Mahmoud Elshazly, owners of the equity of redemption. At the time of the entry of said judgment, the subject property was appraised at a value of $258,000.00 and the plaintiffs' debt was found to be $354,604.59 plus costs taxed at $838.50. Said defendants owners failed to redeem on their law day and all subsequent encumbrances also failed to redeem. Title to the subject premises vested in the plaintiff on May 25, 1995. On the basis of the foregoing valuation and the amount of the plaintiff's debt, the plaintiff has reason to believe that a deficiency exists in connection therewith.
"A valid assignment transfers to the assignee exclusive ownership of all the assignor's rights to the subject assigned and extinguishes all of those rights in the assignor." Mall v.LaBow, 33 Conn. App. 359, 362, 635 A.2d 871 (1993). Therefore, the plaintiff is entitled to all of the rights acquired by its purchase of the note and mortgage, including a deficiency judgment. New England Savings Bank v. Andruschkevich, 8 CSCR 949,950 (August 13, 1993, Lager, J.). Accordingly, the amount paid by the plaintiff for the assignment is irrelevant to a determination of the rights assigned.
Accordingly, the plaintiff's motion for deficiency judgment in the amount of $110,346.97 is granted.
HICKEY, J.